IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY S. WHITE | § | |
| | § | |
| V. | § | A-11-CV-904 SS |
| | § | |
| UNITED STATES OF AMERICA & | § | |
| VERNON STATE HOSP. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Anthony White's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 1). By standing order, the Application is before the Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of the Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to Magistrate Judges.

Petitioner Anthony White is currently committed at the Vernon State Hospital while awaiting trial in Hays county. The trial judge found him incompetent on August 4, 2011. In his petition, White challenges his commitment and requests the Court to order his release from the hospital. He argues that the Defendants violated his 5th, 8th, 9th, 13th, and 14th Amendment rights when it found him incompetent and refused to release him[1] after he passed a written competency test and took his medication.

---

[1] It does not appear that the United States or Vernon State Hospital were involved in the commitment, yet they are the only named defendants.

**I.      White's failure to pay a filing fee or file a motion to proceed *in forma pauperis***

White failed to pay a filing fee or file a motion to proceed *in forma pauperis* in this case, but he did file an *in forma pauperis* motion in a related case, 1:11-CV-814, and the undersigned granted that motion.[2] The Court will therefore allow White to proceed *in forma pauperis* in this case as well, pursuant to 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2)(B), "the court shall dismiss the case at any time" if it determines that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a immune defendant. 28 U.S.C. § 1915(e)(2)(B). A case is "frivolous" under § 1915 if it lacks an arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Under § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) to determine whether the complaint states a claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim for relief is implausible on its face

---

[2]Clerk's Doc. No. 3.

when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950.

When reviewing a plaintiff's complaint under § 1915, the court must construe the plaintiff's allegations as liberally as possible. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). With these standards in mind, the Court will now review Smith's Complaint under § 1915(e)(2)(B).

**II. Analysis**

White filed his petition pursuant to 28 U.S.C. § 2241. Section 2241, however, is used to challenge the manner in which a federal sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). White does not challenge the execution of his sentence. He instead seeks to have this Court order the state court take specific action—to find him competent and release him.

Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). In this case, White seeks only mandamus relief against the Respondent. This Court is without power to enter such an order. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Additionally, federal courts should abstain from interfering with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state

court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92 (1973)*)*.

Because White has failed to allege "extraordinary or special circumstances," the Court cannot issue a writ of mandamus to the state court and require it to release him. Further, the Court should abstain from determining whether White is competent because his competency "may be resolved either by a trial on the merits in the state court or by other state procedures available" to him. *Id.* Therefore, the Court RECOMMENDS that the District Court DISMISS Anthony White's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 1) without prejudice.

### III.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of White's section 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

SIGNED this 28th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE